UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VICKI DENHART, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HIKMATULLO HIKMATULLOEV and, )<br>SKYLAND FREIGHT, LLC, )<br>)<br>Defendants. ) | Case No. 4:23-CV-189 |

## NOTICE OF REMOVAL

Defendants, by counsel, pursuant to 28 U.S. C. §1441, hereby give notice of consent to and participation in the removal of Civil Cause No. 22C01-2310-CT-001471 from the Circuit Court of Floyd County, Indiana. In support whereof, defendants state the following:

1. On or about October 26, 2023, plaintiff filed a Complaint in the Floyd Circuit Court entitled Vicki Denhart v. Hikmatullo Hikmatulloev and Skyland Freight, LLC, which was assigned Cause No. 22C01-2310-CT-001471. Copies of the Summons and Complaint served on defendants along with the chronological case summary and other filings constituting the entire state record to date are attached hereto as Exhibit A[1].

2. Plaintiff claims that on February 11, 2023, she was involved in an auto accident in Floyd County, Indiana, with Hikmatullo Hikmatulloev. She has sued defendants for negligence. A copy of the Complaint is attached within Exhibit A, but also attached separately as Exhibit B, pursuant to S.D.Ind.L.R.81-2.

3. In her Complaint, plaintiff states that she is a resident of Floyd County, Indiana. Accordingly, she is a citizen of Indiana. *See Galva Foundry Co v. Heiden,* 924 F.2d 729, 730 (7th

---

[1] The Appearance and Answer of the Defendants contained in Exhibit A were electronically filed on November 27, 2023, but are not file-marked because as of the time of this filing, undersigned counsel had not received file-marked copies from the Floyd Circuit Court.

Cir. 1991) (internal citations omitted) "There is no statutory definition of an individual's state of citizenship. But the courts have held that it is the state of the individual's domicile – the state he considers his permanent home.").

4. Defendant Hikmatullo Hikmatulloev is a citizen of Broward County, Florida.

5. Skyland Freight, LLC is and was at the time the Complaint was filed, a foreign for-profit corporation incorporated in Illinois and with its principal place of business in Illinois. See the business entity information from the Illinois Secretary of State's office as Exhibit C. When it comes to corporations, the diversity statute makes clear that a corporation is a citizen of both its state of incorporation and the state in which it maintains its "principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, Skyland Freight, LLC is a citizen of Illinois.

6. Since Plaintiff and Defendant are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

7. The Complaint is silent as to the value of Plaintiff's claim. The undersigned reached out to plaintiff's counsel regarding whether plaintiff could stipulate that the amount in controversy does not exceed $75,000,00 exclusive of interest and costs. However, in her Complaint, plaintiff indicates that she "received severe and painful injuries and has in the past and will in the future expend sums of money for hospitals, doctors and other healthcare providers all to her damage, and has suffered an impairment in her activities of daily living, all to her damage." She further complains of lost wages and lost wage capacity as well as a reduction in the fair market value of her automobile. Accordingly, it can be assumed that plaintiff's claim exceeds $75,000. (Ex. A, p. 4, ¶¶5-7.)

8. Based on the currently known information regarding Plaintiff's alleged injuries and claims, defendants have a good faith basis for believing the amount in controversy exceeds $75,000.00 exclusive of interest and costs. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[T]he proponent of federal jurisdiction] has the burden of showing by a preponderance

2

of the evidence facts that suggest the amount-in-controversy requirement is met. [citation omitted]. That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence ... Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'").

9. This action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

10. Complete diversity exists, and the jurisdiction of this Court is proper as required by 28 U.S.C. § 1332(a), as the evidence demonstrates Plaintiff is a citizen of Indiana, and the Defendants are not citizens of Indiana.

11. The Complaint alleges that the injury-producing event occurred in Floyd County, giving the United States District Court for the Southern District of Indiana, New Albany Division jurisdiction over plaintiff's claim. *See* 28 U.S.C. §§ 1441(a) and 94(a)(3).

12. Plaintiff served a Summons and copy of the Complaint upon defendants. The exact service date is unknown, but the Summonses were dated October 26, 2023. Even assuming the earliest possible date of service, defendant has filed this Notice of Removal within thirty (30) days after service and receipt of the Complaint against the defendant. It is, therefore, timely filed under 28 U.S.C. §1446(b).

WHEREFORE, defendants request that this cause proceed in this Court as an action properly removed.

           Respectfully submitted,

           CARSON LLP

           By: /s/ Jeremy M. Dilts
                Jeremy M. Dilts/ #22335-49
                Attorney for defendants

301 W. Jefferson Boulevard, Suite 200
Fort Wayne, Indiana  46802
Telephone:  (812) 830-0287
dilts@carsonllp.com

## CERTIFICATE OF SERVICE

    I certify that on November 27, 2023, I electronically filed the foregoing document. A copy of this document will be served on the following via the Court's electronic filing system.

    Timothy R. McCarthy, Esq.
    NUTT LAW OFFICE
    tim@nuttlaw.com

           /s/Jeremy M. Dilts
           Jeremy M. Dilts